CASE 93.—ACTION BY ANNIE EADEN AGAINST THE LOUISVILLE & NASHVILLE R. R. CO., FOR DAMAGES FOR PERSONAL INJURIES.—May 9.

## Louisville & N. R. R. Co. v. Eaden

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Railroads—Negligence of Employee—Pleading—Throwing Out Hot Embers at a Crossing—In an action for damages against a railroad company an allegation in the petition that the fireman of defendant recklessly, negligently and wantonly, threw a shovel full of burning cinders or embers into her face while she was standing at or near a private crossing, and that the fireman knew she was standing on the crossing, when he threw out the embers, states a cause of action against the company.

2. Instruction—Damages for Permanent Injury—Failure of Evidence—On the trial of an action for damages against a railroad company by one who claims to have been injured by the negligent act of its fireman in throwing hot embers

Louisville & N. R. R. Co. v. Eaden.

in her face while standing at or near a private crossing, the court erred in its instructions, in authorizing the jury to find damages for a permanent injury to her eyes where the evidence fails to disclose any permanent injury.

3. Exemplary Damages—The court properly insructed the jury to give exemplary damages if they believed the negligence of the fireman was gross.

4. Evidence—Jury the Judges—Personality of Witness—The personality of a witness counts much on a trial before a jury, and conviction as to truth does not depend on the number of witnesses or their station in life.     The appearance and deportment of one witness may make his or her testimony outweigh a dozen others, and the jury constitutes the tribunal to try disputed questions of fact, and the opinion of this court should not be substituted for that of the jury, who saw and heard the witnesses.

CLIFTON J. WADDELL and BENJAMIN D. WARFIELD for appellant.

POINTS AND AUTHORITIES.

1. There is no legal liability whatever, either under the pleadings or under the evidence. The case is utterly devoid of merit.

2. The petition wholly fails to state a cause of action. Demurrer thereto should have been sustained. Appellant was entitled to judgment non obstante. (Davis' Adm'r, v. C. & O. Ry. Co., 116 Ky., 157; Simons v. Gregory, 27 Ky. Law Rep., 511; King v. Creekmore, 25 Ky. Law Rep., 1202.)

3. Appellant was entitled to peremptory instruction.     (L. & N. R. Co. v. Routt, 25 Ky. Law Rep., 887; Sullivan v. L. & N. R. Co., 115 Ky., 447; Lackett, etc. v. Lutz, 95 Ky., 287; Ry. Co. v. Powell, 17 Ky. Law Rep., 1051; 1 Blackstone, 456; Hurt v. L. & N. R. Co., 116 Ky., 545; Evers v. Krouse, 66 L. R. A., 592.)

4. The verdict is not sustained by sufficient evidence.     (Hurt v. L. & N. R. Co., supra; L. & N. R. Co. v. Hall, 115 Ky., 567; L. & N. R. Co. v. McGary's Adm'r, 104 Ky., 509; L. & N. Co. v. Carter, 23 Ky. Law Rep., 2020.)

5. The court erred in admitting incompetent evidence for appellee, and in refusing competent evidence for appellant.

6. The court erred in instructing the jury. (Davis' Adm'r v. C. & O. Ry. Co., supra; Simons v. Gregory, supra; L. & N. R. Co. v. Creighton, 106 Ky., 42; L. & N. R. Co. v. Logsden, 114 Ky., 746; L. & N. R. Co. v. Hall, 115 Ky., 567, 579; Lou. Sou. R. Co. v. Minogue, 90 Ky. 374; Covington Saw Mill and Mfg. Co v. Drexilius et al., 27 Ky. Law Rep., 903.)

Louisville & N. R. R. Co. v. Eaden.

7. The concluding argument for appellee was unfair. (L. & N. R. Co. v. Smith, 27 Ky. Law Rep., 257; I. C. R. Co. v. Jolly, Ib., 118; L. & N. R. Co. v. Carter, Ib., 748; U. P. R. Co. v. Field, 137 Fed., 14.)

8. The official sheets of the train dispatcher were not only competent but important and conclusive evidence. (Donovan v. B. & M. R. Co., 33 N. E., 583-4; Louisville Bridge Co. v. L. & N. R. R. Co., 25 Ky. Law Rep., 405; 1 Wharton Ev., 238; I Greenleaf, 15 Ed., 120; 16 Ed., 120a; Tayloe v. Riggs, 1 Pet., 596; U. S. v. Rayborn, 6 Pet., 367; Chisholm v. Beaman ·Med. Co., 43 N. E., 796; Callihan v. Washington W. P. Co., 56 L. R. A.. 772.)

YOST & LAFFOON for appellee.

1. The allegations of the petition leave no grounds for even a presumption that appellee was a trespasser upon appellants track or was elsewhere than on the private crossing.

2. We contend that the allegation, that when the fireman threw the shovel full of hot embers from his engine, he knew that appellee was standing at the crossing, and the danger that might result to her if he threw them, or by the exercise of ordinary care could have known such facts, is good with the alternative statement. It is clearly so if it was his duty to look out for the presence of persons at an established private crossing.

3. This case has been tried before a properly instructed jury. There is no claim that the amount allowed the plaintiff was excessive.

## AUTHORITIES CITED.

Davis' Adm'r v. C. & O. Ry. Co., 116 Ky., 157; L. & N. R. R. Co. v. Routt, 25 Ky. Law Rep., 887; Cabell v. Cincinnati & C. Ry. Co., 92 Ky., 345.

OPINION OF THE COURT BY JUDGE BARKER— Reversing.

The appellee, Mrs. Annie Eaden, alleged in her petition that in September, 1903, while she was standing at or near a private crossing of the Louisville & Nashville Railroad Company, in Hopkins county, Ky., which was appurtenant to the farm a

part of which her husband was occupying as tenant of W. P. Nesbet one of appellants' trains passed along and the fireman "recklessly, negligently, and wantonly" threw a shovelful of burning cinders, embers, and ashes into her face, inflicting upon her serious burns and permanent injury to her eyesight, from which she has suffered great injury and damage, and for which she prayed a judgment in the sum of $5,000. The appellant corporation by its answer placed all of the material allegations of the petition in issue, and, the case having been tried by a jury, a verdict was returned in favor of the appellee for the sum of $2,500, of which the corporation now complains.

The court, on the trial, instructed the jury as follows: (1) The court instructs the jury that if they believe from the evidence that a locomotive fireman, an employee of the defendant, while engaged in the discharge of his duties as such fireman, did negligently throw live coals or hot embers from one of its engines while said engine was passing a private crossing on W. A. Nesbet's farm, and that the plaintiff was at the time standing upon the said crossing for the purpose of passing over the same, and that the said fireman knew, or by the exercise of ordinary care would have known, when he threw said coals or embers, of the presence of the plaintiff upon the crossing, and of the danger, if any, that would or might result to the plaintiff from such coals or embers, and that such coals or embers struck the plaintiff and burned her forehead, eyes, cheeks, or nose, to her injury, they will find for the plaintiff; but, if the jury from the evidence believe to the contrary upon any of these propositions, they will find

for defendant: (2) If the jury find their verdict for the plaintiff, they will award her such sum in damages as will reasonably compensate her for any mental or physical pain or suffering endured by her as the direct result of the injury, if any, shown by the evidence; and if the jury further believe from the evidence that the plaintiff's injury is permanent, they may award her such further sum as will reasonably compensate her for any reduction of her power to earn money, if any, shown by the evidence, as the direct result of the injury; and if the jury further believe from the evidence that the negligence of the defendant's fireman was gross, they may, in addition to compensatory damages, award the plaintiff exemplary damages in any sum in their discretion, but in all not to exceed $5,000, the sum claimed in the petition. (3) Negligence is the failure to exercise ordinary care. Ordinary care is such care as a person of ordinary prudence would usually exercise under same or similar circumstances. Gross negligence is the absence of slight care.''

After the verdict was rendered appellant entered a motion in arrest of judgment, which was overruled. This ruling of the court is now urged as a ground of reversal. It is also insisted that the judgment is contrary to the evidence; that the second instruction, which contains the measure of damages applicable to the case, is erroneous, in that it permits the jury to find damages for the permanent injury of appellee, when there is no evidence in the record of such permanent injury having been inflicted, and that it permits the jury to find punitive damages against the appellant, which is unwarranted by the evidence adduced upon the trial. Of these in their order.

The trial court properly overruled the general demurrer to the petition, and also properly overruled the motion in arrest of judgment after verdict. It is true appellee alleges she was "at or near" the private crossing at the time she was injured, but she also alleges in another part of her petition that the fireman knew she was on the crossing at the time he threw out the embers and coals which she claims inflicted the injury to her eyes. We recognize the soundness of the rule that pleadings will be construed most strongly against the pleader, and, if there was any difference in the legal rights of appellee if she stood "at," instead of "near," the crossing, the allegation must be construed to place her at the point most to her disadvantage. But it is too well settled to require argument that, if the employee of appellant knew of appellee's position on the right of way of the corporation, he was then bound to exercise at least ordinary care to avoid injuring her. It is immaterial, therefore, whether she stood at or near the crossing. In either case, if the employee knew of her danger, the corporation is liable.

We do not think this case is controlled by the principle enunciated in Louisville & Nashville R. R. Co. v. Routt, 76 S. W., 513, 25 Ky. Law Rep., 887, and Sullivan v. Louisville & Nashville R. R. Co., 115 Ky., 447, 24 Ky. Law Rep., 2344, 74 S. W., 171, 103 Am. St. Rep., 330. In both of these cases it was distinctly held—and it was the turning point in the opinions—that at the time the injury complained of was inflicted the employes were not in the exercise of any duty they owed to their employers. In the first, the fireman wantonly threw a lump of coal at

the plaintiff, who was walking along by the side of the track, and severely injured him. In the second, the employes of the corporation were merely playing a prank with a torpedo, which exploded, injuring the plaintiff. A different state of facts exists in the case at bar. Here, if appellee's testimony be true, the fireman was engaged in throwing out ashes and embers from the engine, thus discharging a duty he owed his employer, and if, while so doing, he recklessly and wantonly injured her, we see no reason for exempting the corporation from liability for the wrongful act of its employee.

Nor are we prepared, from all the evidence in this case, to say that the verdict is so flagrantly contrary to the weight of the evidence as to warrant a reversal of the judgment on that ground. The jury constitutes the tribunal established by law to try disputed questions of fact, and they are peculiarly adapted to perform this duty. The personality of the witness counts for much on such occasions, and conviction as to truth does not depend on the number of witnesses or their station in life. The appearance and deportment of one witness may make his testimony outweigh that of a dozen others, and therefore we cannot say that our opinion on the facts should be substituted for that of the jury, who saw and heard the witnesses.

We are, however, of opinion that the trial court erred in authorizing the jury to find damages predicated upon the permanent injury of appellee's eyes. A careful reading of the record fails to disclose to our satisfaction evidence sufficient to warrant a submission of the question of the permanency of appellee's injury. It is true she has chronic sore

eyes; but there are no burns or scars on her face, and nothing to show that she may not soon be cured, if her eyes are properly treated. Louisville Southern R. R. Co. v. Minogue, 90 Ky., 369, 12 Ky. Law Rep., 378; 14 S. W., 357, 29 Am. St. Rep., 378.

The instruction as to the exemplary damages was correct. If appellee's statement is true with reference to the manner in which she was injured, the negligence of the employee was gross almost to the point of wantonness.

For the reasons given, the judgment herein is reversed, for proceedings consistent with this opinion.