CASE 88.—ACTION BY OSCAR SHAKE BY NEXT FRIEND
          AGAINST THE KENTUCKY WAGON MANUFAC-
          TURING COMPANY FOR DAMAGES FOR PER-
          SONAL INJURIES.—April 13, 1910.

## Kentucky Wagon Mfg Co. v. Shake

Appeal from Jefferson Circuit Court (Common
Pleas Branch, First Division).

WM. H. FIELD, Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1.  Damages—Excessive—Personal Injuries.—Plaintiff's face and
    and eyes were painfully burned by steam, and his head cut
    by an explosion.  While the injuries were painful, causing
    confinement in a hospital for four or five weeks, the wound
    upon the head was but a scalp wound, and the burns, except
    the one on the neck and the injury to the eye, were of little
    consequence.  The injuries to the eye and neck were of a
    permanent nature, the sight being to some extent impaired,
    and the neck being  permanently  scarred and  stiffened,
    though plaintiff's ability to keep about and follow his voca-
    tion was not seriously interfered with.  Held, that a re-
    covery of $10,000 was excessive.

Kentucky Wagon Mfg. Co. v. Shake.

2.  Appeal and Error—Review—Damages.—While the Court of
    Appeals cannot fix the damages to be awarded by a jury,
    it may grant a new trial where the award is so excessive as to
    indicate improper sympathy for plaintiff or prejudice against
    defendant.

O'NEAL & O'NEAL, HELM & HELM, T. L. EDELEN and
LINDSAY & EDELEN for appellant.

MAX L. GREENSTEIN and MORTON K. YONTS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant, an infant, by his next friend instituted this action in the court below to recover of it damages for injuries sustained to his person by the explosion of an engine cylinder and the breaking of a piston rod, which resulted in his confinement in a hospital for five weeks and much physical and mental suffering. He recovered a verdict and judgment for $10,000, and appellant, having been refused a new trial, has appealed.

It was appellee's contention that the explosion of the cylinder and breaking of the piston rod were caused by an obvious want of alignment between the cylinder and other parts of the engine, and appellant's contention that it was caused by a latent defect in the piston rod which it could not have discovered by the exercise of ordinary care. There was proof to support both contentions and the case was properly submitted to the jury.

It is further insisted for appellant that the verdict was flagrantly against the evidence, and for that reason it should have been granted a new trial. We do not concur in this conclusion. A greater number of witnesses testified in support of appellant's theory of the case, but at least two witnesses sustained ap-

pellee's contention of the cause of the accident, and they were not altogether without support from the physical facts attending the accident. The jury had the right to accept their statements in preference to those of appellant's witnesses, and, having done so, we must submit to their finding that appellee's injuries were caused by appellant's negligence in failing to keep its engine and machinery in reasonably safe repair and condition. The issues of fact raised by the pleadings were submitted to the jury under instructions from the court to which appellant does not seem to object, and we find that they were in all essential particulars correct.

We are of opinion, however, that the verdict was excessive in amount and for that reason appellant's second contention which rests upon that ground should be sustained. According to appellee's evidence he worked in a department of appellant's manufactory disconnected from the engine of the plant, though rightfully near the engine when the cylinder exploded as he had gone there to procure oil for use in his own department; by the explosion he was knocked down and thrown upon the broken piston rod which was so heated as to severely burn his neck and arms. In addition his face and eyes were painfully burned by steam escaping from the broken cylinder and his head cut and wounded by its explosion. While, according to the testimony, appellee's injuries were of a painful character, causing his confinement in a hospital for four or five weeks, the wound upon the head was but a scalp wound, and the burns, except the one on the neck and the injury to one of his eyes, were of little consequence. It is patent, however that the injuries to his eye and neck are of a permanent nature; while

the eye does not seem to be disfigured the sight is to some extent impaired, and the injury to the neck has resulted in a lasting scar and permanent stiffening of the muscles, but according to the weight of the evidence it is not apparent that these injuries to the eye or neck will seriously interfere with appellee's getting about or following his usual vocation. We are not unmindful of the fact that appellee's own testimony, and that of two surgical experts who testified in his behalf, tended to show his injuries more serious and permanent than we have depicted them, but a fair comparison of the testimony referred to with that of the physicians who actually treated him and other persons who had the means of knowing his condition, will demonstrate that his injuries were not so great as to seriously or permanently impair his ability to earn money.

As compared with other verdicts which this court has declared excessive that returned for the appellee in this case would seem to be unreasonably large. In South Covington & Cincinnati Street Ry. Co. v. Ware, 84 Ky. 267, 1 S. W. 493, 8 Ky. Law Rep. 241, a verdict for $4,000, was held excessive, although the plaintiff had suffered a fracture of the fibula and rupture of some of the ligaments of the ankle resulting in confinement for eight weeks. In Louisville Southern Ry. Co. v. Minogue, 90 Ky. 369, 14 S. W. 357, 12 Ky. Law Rep. 378, 29 Am. St. Rep. 378, where the defendant's negligence was gross and punitive damages recoverable, a verdict of $10,000 was declared excessive, although the plaintiff received external bruises, was confined to her bed seven weeks, sustained partial paralysis of a leg and had become unable to walk. In Louisville & Nashville Railroad Co. v. Survant, 96 Ky. 197, 27 S. W. 999,

16 Ky. Law Rep. 545, a verdict for $6,000 was held too great, as no bones were broken and there was no permanent injury. In Covington & Cincinnati Bridge Co. v. Goodnight, 60 S. W. 415, 22 Ky. Law Rep. 1242, a verdict for $9,000, for injuries greater than appellee's, was held excessive. In Louisville & Nashville Railroad Co. v. Mattingly, 38 S. W. 686, 18 Ky. Law Rep. 823, the plaintiff's left ankle was permanently stiffened, his back and side injured, and permanent injury sustained to his urinary organs, a verdict of $10,000 was declared excessive. In Louisville & Nashville Railroad Co. v. Lowe, 66 S. W. 736, a $13,000 verdict for the loss of the plaintiff's arm was held excessive, although he was but 35 years of age. In the case of H. B. Philipps v. Pruitt, 82 S. W. 628, 26 Ky. Law Rep. 831, the plaintiff sustained, by falling down an elevator shaft, a sprained ankle, ruptured ligament, and broken bone, resulting in great pain, yet the court held that a verdict for $7,225 was excessive. In Louisville & Nashville Railroad Co. v. Reaume, 128 Ky. 90, 107 S. W. 290, 32 Ky. Law Rep. 946, a verdict for $10,000 was set aside as excessive following an analysis of conflicting testimony; that for the plaintiff showing serious permanent injury, but such testimony being largely refuted by the physical facts. In Lexington Railroad Co. v. Woodward, 106 S. W. 853, 32 Ky. Law Rep. 653, a verdict for $3,000 was held excessive, although the plaintiff was shown to have been bruised about the arm, hip, leg, and head, and that she suffered violent pains in her back, and at the time of the trial, a year after the accident, was still suffering from the injury. In Louisville & Nashville Railroad Co. v. Brown, 127 Ky. 732, 106 S. W. 795, 32 Ky. Law Rep. 552, 13 L. R. A. (N. S.)

1135, although punitive damages were recoverable, a verdict for $10,000 was declared excessive, because the proof did not definitely show that the plaintiff's injuries were of a serious or permanent character. In Southern Railway Co. v. Goodard, 97 S W. 392, 30 Ky. Law Rep. 126, the plaintiff, who was 42 years of age but whose earning capacity was not shown, recovered a verdict for $8,000 for permanent injuries resulting from a scalp wound and broken shoulder, yet the verdict was declared excessive. In Georgetown Water, Gas, Electric & Power Co. v. Forwood, 113 S. W. 112, a verdict for $4,500 was declared excessive, although the plaintiff's left hand was so injured as to cause a permanent stiffening of the index finger. Kentucky & Indiana Bridge & Railroad Co. v. Singheiser, 115 S. W. 192; Ill. Cen. R. R. Co. v. Houchins, 121 Ky. 526, 89 S. W. 530, 28 Ky. Law Rep. 499, 1 L. R. A. (N. S.) 375, 123 Am. St. Rep. 205.

It is not the province of this court to say what amount in damages should have been awarded appellee by the jury, but it is authorized to correct the injustice done appellant by the verdict complained of, as it is, in view of the evidence, so excessive in amount as to indicate that it was returned by the jury through improper sympathy for appellee or because of prejudice against appellant.

We have failed to find that the trial court committed any error in the admission or rejection of evidence.

Because of the excessiveness of the verdict, the judgment is reversed and cause remanded for a new trial consistent with the opinion.