No. 3454

Second Circuit

---

### SHERWOOD v. TICHELI

---

(January 21, 1929. Opinion and Decree.)

---

508

Hudson, Potts, Bernstein and Sholars, of Monroe, attorneys for plaintiff, appellant.

McHenry, Montgomery, Lamkin and Lester, of Monroe, attorneys for defendant, appellee.

WEBB, J. This action, which arises out of the same automobile collision as that considered in the cause of Mrs. S. B. Sherwood versus the same defendant, No. 3453 on the docket of this court, and this day decided, (120 So. 107), is brought by S. B. Sherwood, individually and as the representative of his minor child, Mary L. Sherwood. Damages are claimed on behalf of S. B. Sherwood for repairs of the automobile, alleged to have been incurred by plaintiff, and expenses for physicians' fees, sanitarium charges, and radiographs made to ascertain the extent of injuries sustained by Mrs. Sherwood and Mary L. Sherwood, and for injuries sustained by Mary L. Sherwood. On trial the demands of plaintiff being rejected as to all of the claims, with the exception of the claim for repairs of the automobile, plaintiff appeals.

The claim on behalf of Mary L. Sherwood was based on the allegation that she had sustained a fracture of the skull, which would in time cause serious trouble, but the preponderance of the evidence does not show that her skull was fractured, nor does the evidence show that the child has suffered any injury, but, on the contrary, it shows that she has been normal in every respect since the accident, and even if the evidence had shown that a fracture of the skull had been sustained, it is conclusively shown that it had healed, and there could not be any allowance for damages for future disability, which may or may not occur, when the injury did not produce any present disability. Louisville S. R. Co. vs. Minogue, 90 Ky. 369, 14 S. W. 357, 29 Am. St. Rep. 378; Briggs vs. New York Cent. & H. R. Co., 177 N. Y. 59, 69 N. E. 223, 101 Am. St. Rep. 718.

Relative to the claim for expenses incurred by the plaintiff for physicians' fees and charges for radiographs, the evidence shows that the charges were principally for services rendered in connection with examinations made with the view of obtaining evidence of the extent of the injuries sustained by Mrs. Sherwood and Mary L. Sherwood to be used in the actions brought by them to recover damages, and it is impossible to distinguish the expenses incurred by plaintiff for the attendance and services of physicians for treatment of his wife and child, and those incurred in furtherance of the actions for damages, and the Court properly refused to allow anything on the claims for alleged expenses; however, as the evidence shows that some expense was incurred by plaintiff for the attendance and services of physicians who were called to attend his wife and child following the accident which may be distinguished from the expenses incurred in furtherance of the actions for damages, we think the plaintiff's right to recover for such expenses should have been reserved, and that the judgment should be amended so as to preserve plaintiff's right to claim such expenses, and the judgment appealed from is amended so as to reserve to plaintiff his right to claim such expenses, and as amended it is affirmed at appellant's cost.