No. 3654

Second Circuit

SHERWOOD v. TICHELI

(December 31, 1929.   Opinion and Decree.)

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiff, appellant.

McHenry, Montgomery, Lamkin & Lester, of Monroe, attorneys for defendant, appellee.

ODOM, J. S. B. Sherwood brought suit against Mrs. Catherine Ticheli for $43,100 damages alleged to have been sustained by him on account of an automobile collision which took place between his automobile while being used by his wife and children and one belonging to defendant, which collision took place on the streets of Monroe. Plaintiff alleged that the collision was due to the fault and negligence of defendant's driver, and that, as a result, his car was injured to the extent of $100, and that his wife had received personal injuries which had damaged him in the sum of $22,000, and that his minor child had also received personal injuries to the extent of $21,000. For his own use and benefit, he asked damages for the injury to his car and to his wife, and, for the use and benefit of his child, he asked recompense for the injuries which it had sustained.

After trial in the district court, the following judgment was rendered:

"It is therefore ordered, adjudged and decreed that plaintiff, S. B. Sherwood, do have and recover judgment of and against defendant, Mrs. Catherine Ticheli, in the full sum of Forty-four & 16/100 ($44.16) Dollars, with legal interest thereon from date of judicial demand until paid, and all costs of this suit."

Plaintiff appealed to this court, and we affirmed the judgment (9 La. App. 807, 120 So. 109, 110), with the following reservation and amendment:

"However, as the evidence shows that the same expense was incurred by plaintiff for attendance and services of physicians who were called to attend his wife and child following the accident, which may be distinguished from the expenses incurred in furtherance of the actions for damages, we think the plaintiff's right to recover for such expenses should have been reserved, and that the judgment should be amended so as to preserve plaintiff's right to claim such expenses, and the judgment appealed from is amended so as to reserve to plaintiff his right to claim such expenses, and, as amended, it is affirmed, at appellant's cost."

While the judgment of the district court, which we affirmed with the reservation noted, does not so specify, it is conceded that the award against defendant of $44.16 was for damage to plaintiff's automobile, and that his claim for damage on account of injuries to his wife and his claim for damage to his minor child, made for its use and benefit, were rejected.

Long after the judgment rendered by this court had become final, the defendant in the suit, Mrs. Ticheli, through her attorneys, brought the present rule against Sherwood, the plaintiff in suit, to show

cause why the fees of certain physicians, who were called as expert witnesses at the trial to testify on that particular branch of the case concerning the injuries to plaintiff's minor child, should not be fixed and taxed as costs against him. The district judge fixed the fees of the experts at $175 and ordered Sherwood to pay them. Sherwood appealed.

Mrs. Ticheli, defendant in suit and plaintiff in rule, moved to dismiss the appeal on the grounds: First, that the judgment appealed from is one taxing costs and is interlocutory; and, second, that it cannot be reviewed by this court because the evidence in support of it is not in the record.

On the first point, the case must be determined adversely to appellee's contentions on the authority of Barker vs. Houssiere Latreille Oil Company, 163 La. 555, 112 So. 415, and State ex rel. Johnson vs. Judges Court of Appeal, 107 La. 69, 31 So. 645.

On the second point, it is sufficient to state that the amount allowed as fees to the experts is not contested; it having been agreed, as we understand, that the amount allowed was satisfactory to both sides. The motion to dismiss is overruled.

It is conceded that the fees of these experts should be taxed as costs of the suit, but the defendant in the suit, Mrs. Ticheli, contends that they should be paid by Sherwood, the plaintiff, because the experts were called and testified on that branch of the case pertaining to the injuries sustained by the minor child of Sherwood, whose demands for its use and benefit were rejected.

Even if it be conceded that these fees should have been taxed as costs to be paid by plaintiff, and we express no opinion as to that, the question is foreclosed by the judgment which is long since final. The district court ordered Mrs. Ticheli to pay all costs of the suit, and that judgment was affirmed by this court. That judgment is res adjudicata. Mrs. Ticheli did not appeal from the judgment rendered against her, nor did she move in this court to amend it. She is bound by it, whether right or wrong. She was cast for all costs, which admittedly include the fees of the experts; she allowed that judgment to stand, and cannot now escape its effects.

Counsel for Mrs. Ticheli say in brief that, in case a judgment "does not decide certain issues, and this is made manifest by the decree itself, the decision will not support the plea of res adjudicata," and they cite authorities in support of their contention. That is true, of course, but the judgment rendered in this case was not silent on the point as to who should pay the costs. It was specifically decreed that Mrs. Ticheli should pay all costs.

The district judge fixed the fees of the experts and ordered that they be paid by Sherwood. In so far as the amounts fixed are concerned, the judgment should not be disturbed, but, to the extent that the judgment on rule orders S. B. Sherwood to pay these costs, it is erroneous.

It is therefore ordered and decreed that the judgment on rule, in so far as it decrees that S. B. Sherwood pay the costs in controversy, be and it is reversed and set aside; appellee to pay costs of proceedings on rule in both courts.