## Warfield Natural Gas Co. v. Newman.

(Decided Sept. 27, 1938.)

KIRK & WELLS and HAROLD A. RITZ for appellant.

C. P. STEPHENS and FAULKNER & FAULKNER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

William Harrison Newman, a boy about 5 years of age, suing by his father as next friend, has recovered judgment against the Warfield Natural Gas Company, a corporation, for $650 for personal injuries. The company is appealing.

In October 1934, employees of appellant were digging a ditch near a public highway in Floyd county preparatory to laying a pipe line. In order to attain a proper depth for that purpose it became necessary to blast out some rock. While passing along the highway near where the ditch was being dug in a wagon of a neighbor the Newman boy was struck by a stone thrown up from the blasting and a gash about 3 inches long was cut down to the bone near the crown or back of his head. It is not denied that the boy received the injuries in the way and manner indicated and while there was an issue on the question of negligence it is not and in fact under the evidence could not be argued that the proof was not sufficient to sustain the allegations of the petition as respects negligence.

The only ground argued for reversal is that the verdict is so grossly excessive as to indicate that it was given under the influence of passion and prejudice. The evidence shows that immediately after the child sustained the injuries, appellant's employees took or assisted in taking him to a physician who closed the wound with two or three stitches and treated and bandaged it. A few days later he was taken by his father to Dr. Collins, another physician, who found the wound so inflamed and swollen that the stitches would not hold, so he removed them and attempted to close the wound with adhesive tape. The evidence for appellee is to the effect that the wound became infected and dis-

charged pus for several months and was bandaged and treated with medicine furnished by Dr. Collins and as he directed. On the other hand there is evidence for appellant tending to minimize the seriousness of the injuries and the duration of the affected condition. Counsel for appellant lay considerable stress on the evidence that while playing with children some time after he received the injuries complained of, the Newman child was struck on the head with a rock but it appears from the record that this was two or three months later and the lick was at a different place on his head resulting only in a slight bruise or abrasion which did not aggravate the other wound. Witnesses who were intimately acquainted with the boy and had opportunity to observe him both before and after he sustained his injuries stated that since receiving the wounds on his head he was dull, listless and was indifferent toward his playmates and their childish activities, whereas he had formerly been just the opposite. Dr. Collins, who was asked to give his opinion as to whether this lick on the head might impair the mentality of the child, stated in substance that such a result was possible but he did not regard it as probable. Some of the witnesses stated that he climbed out of the wagon but others who were near testified that when he received the lick he fell out.

Among other cases cited and relied on by appellant is that of Louisville Southern Ry. Co. v. Minogue, 90 Ky. 369, 14 S. W. 357, 29 Am. St. Rep. 378. In the latter case it is said:

"The opinion of a jury has been, and properly, no doubt, regarded as the best means of even a fair approximation, and every verdict should be treated prima facie as the result of honest judgment upon their part. They are the constitutional triers of the facts of a case, and courts should exercise great caution in interfering with their verdicts. Litigants must not be left, however, to their arbitrary will, and be without remedy in cases where verdicts can be accounted for only upon the theory that they are the result of an improper sympathy, or unreasonable prejudice. In such cases it is one of the highest duties of a court to interfere; otherwise great wrongs will often result, and the party be remediless."

While as indicated in the quoted excerpt courts

should, and this court has, exercised extreme caution in interfering with the verdict of a jury, however, it has not hesitated to set aside a verdict as excessive when it was apparent that the jury disregarded the evidence and rendered a verdict so disproportionate to the injuries sustained as to indicate that it was actuated by undue sympathy or by prejudice.

Considering the evidence as to the nature of the injuries sustained by the Newman boy, the time taken for healing and its general after effect upon him, there is little if any ground for argument that the jury disregarded the evidence and there is certainly no substantial basis for contention that the verdict for $650 is so disproportionate as to indicate it resulted from passion or prejudice on the part of the jury.

Judgment affirmed.