## Consolidation Coal Company v. Baldridge, By, et al.

(Decided October 14, 1915.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Gross Negligence of Superior Servant.—Recovery may be had from the master for injury to a servant, not causing death, resulting from the gross negligence of a superior servant who has immediate control of, or supervision over the servant injured.

2. Master and Servant—Gross Negligence of Superior Servant—Instructions.—An instruction authorizing recovery by a servant from the master for mere negligence of a superior servant was error, but where the evidence showed if there was any negligence at all there was gross negligence, and the damages assessed were moderate, the error was not prejudicial.

3. Appeal and Error.—To justify a reversal the error complained of must affect the substantial rights of the appellant, and that it does so affect them must as clearly appear as the error itself.

O'REAR & WILLIAMS, ALLIE W. YOUNG, FOGG & KIRK and H. S. HOWES for appellant.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

Appellee was a brakeman on a coal mine motor train. The only other member of the crew was a motorman. While making an outbound trip the motor collided with an empty coal car which it left on the main track when making the inbound trip. Appellee was lying flat on the motor, rather behind the motorman, and was painfully injured in the collision. He sued to recover on account of the gross negligence of the motorman in operating and driving the car, and on the trial the jury returned a verdict for $370. Appellee's back and leg were bruised but no bones were broken. He claims that he still suffers pain and inconvenience when his work requires hard use of his leg.

Appellant asks for a reversal because, as it says, the brakeman and motorman were fellow servants, and, therefore, the court erred in refusing to give an instruction on that proposition. From the evidence, we understand that in making the trips on trains it was the duty of the brakeman to couple or uncouple the cars and give to the motorman proper signals to "go ahead" or "back up." When the trip was ready the brakeman would get aboard, either on the car or the motor, as he might feel the situation required, and the motorman would then take the train to destination. It is true, while making up the trip, the motorman responded to the brakeman's signals, but, from the evidence, it is clear that at all other times the motorman had sole charge and control of the train and in that regard was superior in authority to the brakeman. Although these employes were, in the manner described, associated together in the same work, yet, from the evidence, they were not in the same grade of employment. The relative duties of these employes was not unlike that of the ordinary railroad engineer and brakeman, and it has been often held that an engineer and brakeman are not fellow servants, although employed on the same train. Howard v. C. & O. R. R. Co., 28 Ky. L. R., 891; L. & N. R. R. Co. v. Moore, 83 Ky., 684.

Appellant insists that the court erred in giving instructions to the jury which allowed the appellee to recover for the mere negligence of a superior servant engaged in the same work. The rule in Kentucky is that no recovery may be had from a master for an injury to the servant, not causing death, resulting from the ordinary negligence of a servant superior to and having immediate control of or supervision over the servant injured. L.

& N. R. R. Co. v. Brown, 127 Ky., 732, 32 Ky. L. R., 552, 106 S. W., 795, 13 L. R. A. (N. S.), 1135; I. C. R. R. Co. v. Coleman, 22 R., 878, 59 S. W., 13; I. C. R. R. Co. v. Mayes, 142 Ky., 382.

The court by the first and second instructions defined ordinary and gross negligence. Then by the third instruction authorized a finding for plaintiff if they believed the injury resulted from the "negligence" of the motorman. By another instruction they were authorized to find punitive damages for the plaintiff if they believed the motorman was guilty of "gross negligence." The instruction authorizing recovery for mere negligence was error, for the plaintiff was not entitled to recover at all unless there was gross negligence on the part of the motorman. But the moderate verdict persuades us to believe that the appellant was not prejudiced thereby. The jury found that the motorman was negligent. If there was negligence at all, it was gross negligence, and, under the facts in the case, the jury could not have reached one conclusion without arriving at the other. This motor on its inbound trip left the empty car at a switch on the main track for Hardin Dale, a miner, to shift it into his room. The motor went about 100 feet further in order to complete the trip and then started back. There is no dispute that the motor could have been stopped in 15 feet. Hardin Dale, who was attempting to switch the empty into his room, had a light on his cap, and could see the oncoming motor plainly, as the track was straight. He called to the motorman and told him not to bring the motor down until he could switch the car; and when the motor got within 20 or 30 feet of the empty Dale heard the motorman say: "I will learn him to get the car in the clear." The appellee says he was lying face down and rather behind the motorman, and did not see the empty car ahead, or know that it had not been shifted into the room, but he heard the motorman say "something about that he would learn him to stay out of the way, or get out of the way, and he swore at the time he said it."

Clark Walker was in 20 feet of the empty and stepped off the track to let the motor pass. He heard Hardin Dale call to the motorman but did not understand what was said. The motorman said the mine was foggy, and he did not see the empty ahead of him until within about eight feet of it. He says that no one signalled or called to

him, and that he did not intend the collision nor did he speak any such words as those attributed to him by Hardin Dale and the appellee. This being the proof, if the jury believed the motorman they necessarily believed he was not guilty of any negligence. If they believed the other witnesses there was but one conclusion, and that was that the accident was the result of his gross negligence. To justify a reversal the error complained of must affect the substantial rights of the appellant, and that it does so affect them must as clearly appear as the error itself. Civil Code, Sections 134, 338 and 756.

Although there was technical error in the instructions, it is manifest that the jury tried the case upon the real issue. Their finding against appellant established the fact of gross negligence, for all the proof was addressed to the question as to whether the motorman wantonly and recklessly ran the motor into the empty car. In view of this state of the record, we do not believe that the error was prejudicial, and, therefore, feel we would not be justified in remanding the case for another trial.

The judgment is, therefore, affirmed.