## Watson Contract Company v. Trumbo.

(Decided May 10, 1916.)

### Appeal from Mason Circuit Court.

1. **Master and Servant—Negligence of Superior Servant.**—No recovery may be had from the master for an injury to the servant, not causing death, resulting from the ordinary negligence of the servant superior to and having immediate control of or supervision over the servant injured; such a recovery can be had only in case of gross negligence upon the part of the superior servant.

2. **Appeal and Error—Error Necessary to Justify Reversal.**—For an error to justify a reversal, it must affect the substantial rights of the appellant; and that it does so affect them must as clearly appear as the error itself.

3. **Appeal and Error—Negligence—Instructions—**Although an instruction erroneously permitted a recovery for ordinary negligence, yet, where admittedly and beyond dispute the facts show gross negligence, and there is nothing in the record to indicate that

appellant was prejudiced by the error, the judgment will not be reversed.

WORTHINGTON, COCHRAN & BROWNING and M. J. HENNESSEY for appellant.

H. W. COLE and A. D. COLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Affirming.

This is the second appeal in this case. The opinion upon the first appeal is printed in 163 Ky. 453, and gives the facts of the case in detail, which need not be repeated. It is sufficient to say that Trumbo, who was the plaintiff below, was severely injured while in the service of appellant in attempting to unload a car of gravel under the immediate supervision of Turner and Williamson, the appellant's general superintendent and foreman, respectively.

Upon the first trial the circuit court directed a verdict for the defendant; but upon appeal that judgment was reversed, with instructions to submit the case to the jury upon another trial, under proper instructions, in case the proof was substantially the same. Upon the second trial the plaintiff obtained a verdict and judgment for $1,500.00, and the defendant appeals.

For a reversal it is first insisted that the circuit court erroneously authorized a recovery for the ordinary negligence of Turner and Williamson, when, under the law, the company could have been made liable only for their gross negligence. The appellee concedes the general rule to be that he can recover only for the gross negligence of his superior servants; but he contends there is no reversible error here because the court in its former opinion directed a verdict in case Turner and Williamson had knowledge of appellee's peril and failed to exercise ordinary care to save him from the injury, and his injury resulted from such failure.

In Consolidation Coal Co. v. Baldridge, 166 Ky. 188, this court said:

"The rule in Kentucky is that no recovery may be had from a master for an injury to the servant, not causing death, resulting from the ordinary negligence of a servant superior to and having immediate control of or supervision over the servant injured. L. & N. R. R. Co. v. Brown, 127 Ky. 732, 32 Ky. L. R. 552, 106 S. W. 795,

13 L. R. A. (N. S.) 1135; I. C. R. R. Co. v. Coleman, 22 R. 878, 59 S. W. 13; I. C. R. R. Co. v. Mayes, 142 Ky. 382.''

And, while it is true the former opinion used the language attributed to it in the general discussion of the question of the company's liability, a reading of the entire opinion easily discloses the fact that the court was speaking in general terms, and not with reference to the degree of liability upon the part of Turner and Williamson that would authorize the plaintiff to recover. The question as to whether the negligence upon their part should be ordinary or gross in order to justify a recovery, was not under discussion; and while the court inadvertently used the words ''ordinary care'' in place of ''slight care,'' it is plain that it did not intend to alter or affect the general rule so frequently announced by this court.

Moreover, in following the language of the former opinion, and requiring only ordinary care upon the part of Turner and Williamson, the appellant was not prejudiced, since the evidence thoroughly established the existence of gross negligence upon the part of Turner and Williamson, the servants superior in authority over the appellee.

These facts bring the case within the rule announced by this court in Consolidation Coal Co. v. Baldridge, *supra,* where it was said:

''The instruction authorizing recovery for mere negligence was error, for the plaintiff was not entitled to recover at all unless there was gross negligence on the part of the motorman. But the moderate verdict persuades us to believe that the appellant was not prejudiced thereby. The jury found that the motorman was negligent. If there was negligence at all, it was gross negligence, and, under the facts in the case the jury could not have reached one conclusion without arriving at the other.''

Again, in C. & O. Ry. Co. v. Schamblen, 166 Ky. 789, the court further said:

''The damages allowed are moderate in view of the injuries sustained, and as to the character of negligence of which appellant's servants were guilty there can be, and there was, no question. * * * Although the instruction complained of erroneously permitted a recovery for ordinary negligence, yet, where admittedly and beyond dispute the facts show gross negligence, and there is nothing in the record to indicate that appellant was preju-

diced by the error, we do not feel authorized to remand the case."

Our conclusion on this point is that although the instruction erroneously submitted the case on the question of ordinary negligence upon the part of Turner and Williamson, the error does not justify a reversal, because to be a reversible error it "must affect the substantial rights of the appellant, and that it does so affect them must as clearly appear as the error itself." Consolidation Coal Company v. Baldridge, *supra;* Civil Code, sections 134, 338 and 756.

It is further pointed out that the first instruction authorized a recovery in case Turner and Williamson failed to give plaintiff "distinct" warning or notice that they were going to use a hammer and cause the lever to fall; and, it is claimed that this was error because it should only have required Turner and Williamson to give the plaintiff a reasonable warning of their intended acts, which led to the injury. It would have been proper for the court to follow the language usually given in such cases, by requiring a reasonable warning instead of a distinct warning. But, in view of the facts of this case the error, if it be so treated, was not prejudicial. Trumbo was left standing with his hand upon the lever awaiting instructions from Turner who had told him that the lever "would soon be all right," and he was waiting further instructions from Turner at the time he was injured. The uncontradicted testimony shows that neither Turner nor Williamson gave Trumbo any notice or warning of what they did in causing the lever to fall; on the contrary, they knowingly left Trumbo waiting in a dangerous position.

The contention that instruction "X" offered by appellant denying a recovery in case the plaintiff himself knew of the danger from the lever and failed to keep out of its sweep when it fell, is not well made. Trumbo was a green hand, wholly unacquainted with the operation of the lever and the machinery by which the car could be unloaded, and did not even know which way the lever would go when released. He was injured by reason of his ignorance in this respect, and the failure of Turner to protect or even instruct him.

The verdict was small, and there is no prejudicial error in the record.

Judgment affirmed.