## Stewart Dry Goods Company v. Boone.

(Decided April 27, 1917.

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, No. 1).

1. Master and Servant—Liability for Injuries Resulting From Order of Superior—Assumption of Risk—Question for Jury.—A servant who is injured while acting in obedience to the direct command of his foreman does not assume the risk, unless the danger is so obvious and imminent that an ordinarily prudent person in his situation would have refused to encounter it; and, ordinarily, this is a question for the jury.

2. Master and Servant—Actions for Injuries—Assumption of Risk—Question for Jury.—In a servant's action for injuries alleged to have been caused by the command of his foreman, evidence examined, and held that the question whether the danger was so obvious and imminent that an ordinarily prudent person in plaintiff's situation would have refused to encounter it, was for the jury.

3. Master and Servant—Actions for Injuries—Injuries Resulting From Foreman's Orders—Contributory Negligence—Question for Jury.—Whether, in such an action, the foreman's command was the proximate cause of plaintiff's injuries, and whether plaintiff himself was guilty of contributory negligence, were questions for the jury.

4. Master and Servant—Actions for Injuries—Injuries Resulting From Foreman's Orders—Instructions.—In a servant's action for injuries resulting from his foreman's orders, an instruction telling the jury in substance to find for plaintiff if they believed from the evidence that the foreman directed the work to be done in a way that was not usual and customary, and plaintiff was thereby injured, is erroneous in not requiring the jury to believe that the method directed to be pursued was not reasonably safe, and that this fact was known to the foreman, or could have been known to him by the exercise of ordinary care.

5. Master and Servant—Injuries to Servant—Negligence of Superior Servant.—Where death does not result, an injured employe can recover only for the gross negligence of his superior in authority.

6. Master and Servant—Contributory Negligence.—Where there are circumstances tending to show that plaintiff's injuries were due to his failure to exercise ordinary care for his own safety, a general instruction on contributory negligence is proper.

BENNETT H. YOUNG and MARION W. RIPY for appellant.

BENJAMIN F. GARDNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries, plaintiff, William Boone, recovered of the defendant, Stewart Dry Goods Company, a verdict and judgment for $660.00. Defendant appeals.

The accident occurred under the following circumstances: On June 5, 1915, Boone, with three other colored men, was engaged in moving a piano into a residence on Speed Avenue in the city of Louisville. Boone had had about three years' experience in this character of work, and the other men had been following the same line of work for some time. The piano in question was a player-piano and very heavy. Jesse Spies, a white man, was in charge of the work. The piano was first carried to the residence on a truck. It was placed on a concrete pavement leading from the front gate to the front porch. The porch was reached by ascending a flight of five steps. The porch was about eight feet wide, and the front hall of the residence was reached by a step about eight inches high. In carrying the piano, Boone took a position at the front end with his back toward the house, while the other three men took a position at the lower end. Of these men two were engaged in lifting, while the third was engaged in steadying the piano and shoving it when necessary. Spies, the foreman, was standing nearby. Thus in going up the steps the greater portion of the weight, as was proper, was being carried by the three men at the lower end of the piano. According to the evidence for plaintiff, the usual and proper way to handle the piano when the porch was reached, was to set it down, so that some of the men in the rear could take a position near the front end and relieve plaintiff, who was bearing more than his proportion of the weight. This method was not followed as plaintiff claims, because when the porch was reached the foreman said: "Keep her up, boys." Whereupon, in obedience to this order, plaintiff and the other men retained their positions and plaintiff proceeded to back toward the door carrying his end, while the men carrying the other end proceeded to shove the piano in his direction. While endeavoring to get up the step at the door, plaintiff caught his foot and fell, and the piano which was being pushed toward him struck his knee and injured him. The other persons present testified that no order was given by the foreman to keep the piano up, but, on the contrary, plaintiff himself said: "Come on, boys."

Both at the conclusion of plaintiff's evidence and at the conclusion of all the evidence defendant asked a peremptory instruction, which was refused.

In addition to the usual instruction on the measure of damages, the trial court gave the following instructions:

"1. If you believe from the evidence that the usual and customary way of handling pianos, under the circumstances that existed in this case, was to stop at the top of the flight of steps, and to allow the men handling the piano to change their holds and positions, and if you further believe from the evidence that the foreman, Spies, directed those handling the piano not to stop or lower the piano, and that in obedience to such direction, if it was given, the men did not lower the piano, and the plaintiff, by reason of such fact, if such was the fact, was injured, then the law is for the plaintiff, and you should so find, but unless you so believe from the evidence, then the law is for the defendant, and you should so find.

"2. If you believe from the evidence that the plaintiff, himself, directed his fellow workers not to lower the piano at the top of the steps, then the law is for the defendant, and you should so find."

1. It is first insisted that plaintiff did not make out a case for the jury. In this connection it is argued that, even if the foreman did give the laborers the order to keep the piano up, plaintiff, who was an experienced workman, alone knew whether the weight was too great for him, and whether it was dangerous to proceed, and as he, with knowledge of these facts, failed to notify the foreman or the other workmen that the strain was too great, he assumed the risk and cannot recover. It is the rule in this state that a servant acting under the direct command of his master, or foreman acting as the representative of the master, does not assume the risk of injury, unless the danger is so obvious and imminent that an ordinarily prudent person in his situation would have refused to encounter it; and, ordinarily, this is a question for the jury. Long v. I. C. R. Co., 113 Ky. 806, 68 S. W. 1095, 58 L. R. A. 237, 101 Am. St. Rep. 374; Smith v. Kentucky Lumber Co., 25 R. 1386, 78 S. W. 120; Yellow Poplar Lumber Co. v. Bartley, 164 Ky. 763, 176 S. W. 201. Viewing this case in the light of the fact that the lifting was being done in conjunction

with others, and in the light of plaintiff's evidence that
the other workmen were pushing the piano and that he
did not have the time or opportunity to appreciate the
danger, we conclude that the question whether or not
the danger was so obvious and imminent that an ordi-
narily prudent person in plaintiff's situation would
have refused to encounter it, was for the jury.

But it is further argued that plaintiff's evidence
fails to show that the foreman's command to keep the
piano up, even if negligent, was the proximate cause of
plaintiff's injury. The point is made that plaintiff did
not show that he was injured because he did not have
sufficient strength to carry the piano, but that his own
account of the accident indicates very plainly that he
was injured because he did not raise his foot sufficiently
high to avoid the step leading into the door. While it
is true that plaintiff's evidence as to the cause of the
injury is not as clear as it might be, we conclude that
he and his witnesses do testify to facts from which it
can be reasonably inferred that, because of the fore-
man's command, he was required to continue to carry
a weight that was so heavy that he could not bear it,
and at the same time raise his foot above the step at
the door while proceeding backwards. Under these cir-
cumstances, we are of the opinion that it was for the
jury to say whether or not the command, if given, was
the proximate cause of plaintiff's injury, and whether
plaintiff was himself guilty of contributory negligence.

2. It will be observed that instruction No. 1 author-
ized a recovery if plaintiff was injured by reason of
the foreman's direction to handle the piano in an
unusual way. In other words, the instruction makes the
defendant liable if the foreman directed the men to
handle the piano in a way that was not usual and cus-
tomary, without requiring the jury to believe that the
method directed to be pursued was not reasonably safe.
In a case like this the master cannot be held liable, un-
less the method directed to be pursued was not reason-
ably safe and this fact was known to the foreman, or
could have been known to him by the exercise of ordi-
nary care. McCarthy v. Chicago, etc. R. Co., 83 Iowa
485, 50 N. W. 21; 26 Cyc. 1165; Jones v. American
Warehouse Co., 137 N. C. 337, 49 S. E. 355; Yellow Pop-
lar Lumber Co. v. Bartley, *supra.* And where, as in
this case, death does not result, no recovery can be had

unless the foreman was guilty of gross negligence. Burton Const. Co. v. Metcalfe, 162 Ky. 366, 172 S. W. 698; Watson Contract Co. v. Trumbo, 170 Ky. 95, 185 S. W. 518. It follows that instruction No. 1 is clearly erroneous and prejudicial.

Instruction No. 2 is not subject to complaint. In view of certain circumstances tending to show that plaintiff's injuries were due to his failure to exercise ordinary care for his own safety, we conclude that a general instruction on contributory negligence should also be given.

Judgment reversed and cause remanded for a new trial consistent with this opinion.