## Roy v. Louisville Gas & Electric Company.

(Decided June 7, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Master and Servant—Assumption of Risk—Servant Acting Under Direct Command.—The rule that the servant assumes the risk if he knows and appreciates the danger or the danger is so obvious that an ordinarily prudent person in his situation would

have known and appreciated it, is subject to the qualification that if the master or his representative is present and give the servant a direct command to proceed with the work, the servant, though aware of the danger, does not assume the risk unless the danger is so obvious and imminent that an ordinarily prudent person in his situation would have refused to encounter it, and ordinarily this is a question for the jury.

2. Master and Servant—Action for Injuries—Sufficiency of Evidence. —Whether the danger of obeying an order of the foreman to proceed with the work of cutting out a portion of a brick wall was so obvious and imminent to a servant that an ordinarily prudent person would have refused to encounter it, held, under the evidence, a jury question.

3. Master and Servant—Master's Liability—Place Made Unsafe for Work.—In a servant's action for personal injuries, evidence examined and held not to present a case of a servant creating the danger in the progress of his work so as to relieve the master from liability, but a case where the danger had already been created and existed at the time the foreman ordered the work to be done.

4. Master and Servant—Action for Personal Injuries—Sufficiency of Evidence—Question for Jury.—In a servant's action for personal injuries, evidence examined and held to make it a question for the jury whether the servant was struck by a brick or a portion of the wall above him.

ELMER C. UNDERWOOD and BECKHAM OVERSTREET for appellant.

MATT O'DOHERTY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for personal injuries by George Roy against the Louisville Gas & Electric Company, the trial court, at the conclusion of plaintiff's evidence, gave a peremptory in favor of the defendant, and plaintiff appeals.

At the time of the accident, which occurred on December 14, 1915, plaintiff, together with other laborers, was engaged in removing a certain portion of a brick wall in defendant's power plant for the purpose of taking out certain boilers within the building. In addition to other allegations not material, the petition contains the following:

"That while the plaintiff was engaged in said work and acting under the orders and directions of his foreman, the plaintiff was required, ordered and directed to

remove. certain bricks from the lower portion of the breach made in said wall and while executing said order, under the command of and as required by his said foreman, a portion or portions of the wall above fell, striking the plaintiff upon the head, and throwing the plaintiff backward against the aforesaid boilers.'' A demurrer was sustained to the petition, whereupon plaintiff filed the following amendment:

''That at the time and place mentioned in the petition the plaintiff did not know that it was dangerous for him to work at the time and place and in the manner alleged in the petition and as directed by his said foreman, and did not know that said portion of the wall above was likely to fall and strike the plaintiff, but that said defendant and said foreman and the other officers, agents and employes of the defendant, superior in authority to the plaintiff, knew said facts and each of them or could have discovered them by the exercise of ordinary care.''

According to plaintiff's evidence, he had been at work for defendant at another place and was ordered to report at the power plant on Monday, December 13th. At that time defendant's employees were there engaged, under a foreman named Christiansen, in tearing out a portion of the wall. When plaintiff arrived he was put to work with a wheelbarrow and directed to wheel and stack the bricks which others had removed from the wall. Towards the close of the day's work, plaintiff saw other laborers remove from the upper portion of the wall an iron beam which had been placed there when the building was built, for the purpose of supporting the bricks. Plaintiff took no part in this work, but saw several bricks fall while the beam was being removed. Monday evening, plaintiff and several other laborers hung a tarpaulin over the opening in the wall. On the following morning plaintiff reported for work and the foreman ordered some of the men to remove the tarpaulin from the opening. He then directed them to enlarge the opening by digging out some of the bricks at the top of the opening. At this time the opening in the wall was about fourteen feet in height and the lower part was about four feet from the ground. When the laborers started to remove the bricks at the top of the opening, the company's superintendent appeared and countermanded the order. At the same time he directed the foreman to have the men

dig out the bricks at the bottom of the opening. There-
upon the foreman directed a negro, by the name of
Cochran, and plaintiff, to climb up in the opening and
to loose the bricks at the bottom with a pick and chisel.
Before this order was given one of the workmen said
to the foreman that the wall looked pretty dangerous to
him. The foreman then said: "That is all right; you
fellows go up there and dig those bricks out." Plaintiff
then proceeded with the work as he thought the fore-
man knew better than he did. After working awhile,
something fell from above and struck plaintiff in the
back of the head. Plaintiff then fell from the hole
against the boiler and received a wound in the back of
his head. He further stated that there was nothing
above to fall except bricks. On cross-examination plain-
tiff stated that he knew the wall was dangerous. After
other evidence as to the extent of plaintiff's injuries,
the defendant moved for a peremptory. Before the per-
emptory was passed on plaintiff tendered an amended
petition pleading defendant's failure to furnish him a
reasonably safe place for work and an assurance of
safety on the part of the foreman. The trial court re-
fused to permit the amended petition to be filed, and
directed the jury to return a verdict in favor of the de-
fendant.

The peremptory appears to have been given because
plaintiff himself stated that he realized the danger. Ordi-
narily, of course, this fact would be sufficient to defeat a
recovery, for the servant assumes the risk where he
knows and appreciates the danger, or the danger is so
obvious that an ordinarily prudent person in his situa-
tion would have known and appreciated it. C. & O. Ry.
Co. v. DeAtley, 159 Ky. 687, 167 S. W. 933; Stearns Coal
& Lumber Co. v. Calhoun, 166 Ky. 607, 179 S. W. 59.
But this rule is subject to the qualification that where the
master or his representative is present and gives the
servant a direct command to proceed with the work, the
servant, though aware of the danger, does not assume the
risk, unless the danger is so obvious and imminent that
an ordinarily prudent person in his situation would have
refused to encounter it, and ordinarily this is a ques-
tion for the jury. Stewart Dry Goods Co. v. Boone, 175
Ky. 271, 194 S. W. 103; Yellow Poplar Lumber Co. v.
Bartley, 164 Ky. 763, 176 S. W. 201. Here the petition

as first amended alleged the dangerous condition of the place where plaintiff was required to work and the further fact that plaintiff was acting under the orders and instructions of his foreman. Not only so, but the evidence shows that notwithstanding the fact that the foreman's attention was called to the dangerous condition, he nevertheless gave plaintiff a specific command to proceed with the work. The evidence further shows that the opening in the wall had been cut out and the support removed the day before. In order to remove the bricks it was necessary to use a pick and chisel. Viewing the case in the light of this fact and of the further fact that all bricks likely to fall had fallen, we can not say as a matter of law that the danger was so obvious and imminent that an ordinarily prudent person in plaintiff's situation would have refused to encounter it, but conclude that this was a question for the jury.

The point is also made that the peremptory was proper because plaintiff himself was engaged in creating the danger during the progress of the work. It must be remembered, however, that the upper portion of the wall was cut out and the support removed the day before, and that plaintiff took no part in that work. When injured he was working on the lower portion of the wall and his injury was not caused by the work then being done. This is not a case, therefore, where the servant was engaged in creating the danger during the progress of his work, but a case where the danger had already been created and existed at the time the foreman ordered the work to be done. Hence we conclude that the defendant was not entitled to a peremptory instruction on the ground that plaintiff himself created the danger during the progress of the work. Ada Coal Co. v. Linville, 152 Ky. 2, 153 S. W. 21; Proctor Coal Co. v. Price's Admr., 172 Ky. 627, 189 S. W. 923; Borderland Coal Co. v. Kirk, Admr., 180 Ky. 691, — S. W. —.

While it is true that neither plaintiff nor anyone else testified that he was struck by a brick, yet in view of the fact that he claims to have been struck in the back of the head while leaning over, and of the physical conditions under which he worked, we think it was for the jury to say whether he was struck by a brick or a portion of the wall as alleged in the petition.

Judgment reversed and cause remanded for a new trial consistent with this opinion.